UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
SOUTHEASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 1:23-cv-00109-SNLJ |
| ) | |
| NURSE ROXY UNKNOWN, ) | |
| ) | |
| Defendant. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on the application of self-represented plaintiff Angel David Rios-Rosa, an inmate at Southeast Correctional Center (SECC), for leave to commence this action without payment of the required filing fee. For the reasons stated below, the Court finds that plaintiff does not have sufficient funds to pay the entire filing fee and will assess an initial partial filing fee of $1.00. *See* 28 U.S.C. § 1915(b)(1). Furthermore, based on a review of the complaint, the Court will order plaintiff to file an amended complaint in accordance with the instructions below.

### Initial Partial Filing Fee

Pursuant to 28 U.S.C. § 1915(b)(1), a prisoner bringing a civil action in forma pauperis is required to pay the full amount of the filing fee. If the prisoner has insufficient funds in his prison account to pay the entire fee, the Court must assess and, when funds exist, collect an initial partial filing fee of 20 percent of the greater of (1) the average monthly deposits in the prisoner's account, or (2) the average monthly balance in the prisoner's account for the prior six-month period. After payment of the initial partial filing fee, the prisoner is required to make monthly payments of 20 percent of the preceding month's income credited to the prisoner's account. 28 U.S.C. § 1915(b)(2). The agency having custody of the prisoner will forward these monthly payments to

the Clerk of Court each time the amount in the prisoner's account exceeds $10.00, until the filing fee is fully paid. *Id.*

Plaintiff has not submitted a *certified* copy of his prison account statement. As a result, the Court will require plaintiff to pay an initial partial filing fee of $1.00. *See Henderson v. Norris*, 129 F.3d 481, 484 (8th Cir. 1997) (when a prisoner is unable to provide the Court with a certified copy of his prison account statement, the Court should assess an amount "that is reasonable, based on whatever information the court has about the prisoner's finances."). If plaintiff is unable to pay the initial partial filing fee, he must submit a copy of his prison account statement in support of his claim.

## Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a compliant filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id.* at 679.

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that if the essence of an allegation is discernible, the district court should construe the plaintiff's complaint in a way that permits his or her claim to be considered within the proper legal framework. *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015). However, even

pro se complaints are required to allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980).

## The Complaint

Plaintiff brings this action on a court-provided civil complaint form for filing claims pursuant to 42 U.S.C. § 1983.[1] He names as the sole defendant Roxy Unknown, a nurse at SECC. He sues Roxy in both her official and individual capacities.

Plaintiff's allegations are unclear, so the Court will quote them in full:

> On 6-7-2023 I was it bleeding from my fistula, wound I do had has it since 12-00-2000 doing also I ams under waiting list to getting [surgery] since 11-1-2022 doing also on 6-7-23 I do letting well knows it COI Lacey the I was it bleeding so: just on less than 30 seconds he notify COII Hyden who wells done a medical emergency but any medical staff members shows up to assistance my emergency so at meds pass I do shows physical evidence to Nurse Roxy the I was it bleeding but she do had has it refusing to gave me medical assistance on front of a officer who was it besides her on meds pass.

ECF No. 1 at 4. For relief, plaintiff seeks $87 million.

Plaintiff has attached to his complaint a copy of an offender grievance appeal dated January 9, 2023 and a grievance appeal response dated March 14, 2023, signed by M. Wallace, R.N., and Dr. Philip Tippen, Regional Medical Director for SECC. The grievance relates to plaintiff's prior complaint about a cyst on his buttocks. The grievance appeal response states that a referral for general surgery for fistula repair had been submitted on behalf of plaintiff on February 20, 2023.

On August 18, 2023, the Court received a document titled "legal declarations on support" from plaintiff, which it construes as a supplement to the complaint. The supplement states that plaintiff continues to bleed from his fistula, and states "any medical staff members at SECC" has not responded "with consideration[] towards mine very serious health issue: (note) broken fistula

---

[1] In less than one year, plaintiff has filed more than ten civil rights actions in this Court and in the United States District Court for the Western District of Missouri. All of plaintiff's cases that have been reviewed under 28 U.S.C. § 1915 have been dismissed for failure to state a claim or failure to prosecute. Several have been transferred to the Western District of Missouri.

and body infections." He states that Nurse Amy Maxwell at SECC had told him that he was going to surgery on June 21, 2023. Plaintiff states this was "a big lie as general [surgeon] had has it said; doing also on 3-31-23 I was it declare medical emergency because I [wasn't] bleeding by any once gave me any assistance tills 5:31 p.m. time when Nurse Danna A Degen shoved band aids and gasses it, doing also (Nurse Danna) had has it admitting on front of Captain Crass the [surgeon] doctor had has it lies about getting mine surgery done." ECF No 9 at 2.

**Discussion**

Liberally construed, plaintiff is seeking relief for defendant's alleged violation of his Eighth Amendment rights. Under the Eighth Amendment, the government has an obligation to provide medical care to those whom it is punishing by incarceration. *Estelle v. Gamble*, 429 U.S. 97, 103 (1976). To demonstrate constitutionally inadequate medical care, the inmate must show that a prison official's conduct amounted to deliberate indifference. *Dulany v. Carnahan*, 132 F.3d 1234, 1237-38 (8th Cir. 1997).

To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually knew of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2019). In other words, whether a prison official has been "deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words,

"deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017); *see also Barton v. Taber*, 908 F.3d 1119, 1124 (8th Cir. 2018) (explaining that "plaintiff must establish a mental state akin to criminal recklessness: disregarding a known risk to the arrestee's health").

Plaintiff alleges that on June 7, 2023, he was bleeding from his fistula and correctional officers called a medical emergency. Before medical staff responded to the medical emergency, however, plaintiff states that defendant Roxy came by on a scheduled medication pass, or "med pass." Plaintiff alleges that he showed Roxy evidence that he had been bleeding. He states that she refused him care.

Plaintiff does not describe what physical evidence he showed to Roxy of his bleeding, what he said to Roxy, or how she responded. Plaintiff had interrupted her on her scheduled medication pass showing her some evidence of his bleeding and she "refus[ed] to [give] me medical assistance." Plaintiff makes no other allegations against Nurse Roxy. Assuming plaintiff had a serious medical need and Roxy recognized this need, a call had already been placed for plaintiff's medical emergency. Without knowing more facts regarding plaintiff's interaction with Roxy, it is entirely possible that she was relying on other medical staff to respond to plaintiff's condition. At this point, plaintiff has not alleged sufficient facts to establish a plausible claim that Roxy was deliberately indifferent to his serious medical need.

Because plaintiff is proceeding as a self-represented litigant, and has presented serious allegations to the Court, he will be allowed to amend his complaint according to the instructions set forth below.

### Instructions for Filing Amended Complaint

Plaintiff should type or neatly print his amended complaint on the Court's civil rights form, which will be provided to him. *See* E.D. Mo. L.R. 2.06(A) ("All actions brought by self-

5

represented plaintiffs or petitioners should be filed on Court-provided forms"). In the "Caption" section of the Court-provided form, plaintiff should clearly name each and every party he is intending to sue. He should then fill out the complaint form in its entirety, and ensure that it is signed. *See* Fed. R. Civ. P. 11(a).

In the "Statement of Claim" section, plaintiff should provide a short and plain statement of the factual allegations supporting his claim. *See* Fed. R. Civ. P. 8(a). Plaintiff should put each claim into a numbered paragraph, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b).

The amended complaint should only include claims that arise out of the same transaction or occurrence. In other words, plaintiff should only include claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2). Alternatively, plaintiff may choose a single defendant and set forth as many claims as he has against that defendant. *See* Fed. R. Civ. P. 18(a).

In structuring his amended complaint, plaintiff should begin by writing the defendant's name. In separate, numbered paragraphs under that name, plaintiff should write a short and plain statement of the factual allegations supporting his claim against that specific defendant. If plaintiff is suing more than one defendant, he should follow the same procedure for each defendant.

Plaintiff must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to sue a defendant in his or her individual capacity may result in the dismissal of that defendant.

If plaintiff is suing a defendant in an individual capacity, he is required to allege facts demonstrating the personal responsibility of the defendant for harming him. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990) (stating that § 1983 liability "requires a causal link to, and direct responsibility for, the deprivation of rights"). Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation

6

of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017).

Plaintiff is warned that the filing of an amended complaint **completely replaces** the original complaint. This means that claims that are not re-alleged in the amended complaint will be deemed abandoned. *See In re Wireless Tel. Fed. Cost Recovery Fees Litig.*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supercedes an original complaint and renders the original complaint without legal effect").

After receiving the amended complaint, the Court will review it pursuant to 28 U.S.C. § 1915. If plaintiff fails to file an amended complaint on a Court-provided form within twenty-one (21) days in accordance with these instructions, the Court will dismiss this action without prejudice and without further notice to plaintiff.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's application to proceed in the district court without prepayment of fees and costs is **GRANTED**. [ECF No. 2]

**IT IS FURTHER ORDERED** that plaintiff must pay an initial filing fee of $1.00 within thirty (30) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a copy of the Court's prisoner civil rights complaint form.

**IT IS FURTHER ORDERED** that plaintiff shall have twenty-one (21) days from the date of this Order to file an amended complaint in accordance with the instructions set forth above.

**IT IS FURTHER ORDERED** that if plaintiff does not file an amended complaint within twenty-one (21) days of the date of this Order, this action will be dismissed without prejudice and without further notice to plaintiff.

Dated this 27th day of September, 2023.

_/s/ Stephen N. Limbaugh, Jr._
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE