UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| ANGEL DAVID RIOS-ROSA, | ) |
| Plaintiff, | ) ) ) |
| v. | ) No. 1:23-cv-00109-SNLJ |
| ROXY UNKNOWN, | ) ) ) |
| Defendant. | ) ) |

## MEMORANDUM AND ORDER

This matter is before the Court on review of the file following plaintiff's filing of his amended complaint. Based on a careful review of the amended complaint, the Court determines that plaintiff has failed to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B). The Court will dismiss plaintiff's amended complaint without prejudice.

### Legal Standard on Initial Review

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed in forma pauperis if it is frivolous, malicious, or fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 678. Determining whether a complaint states a plausible claim for relief is a context-specific task that requires the reviewing court to draw upon judicial experience and common sense. *Id*. at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the

elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016).

This Court must liberally construe complaints filed by laypeople. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976). This means that "if the essence of an allegation is discernible," the court should "construe the complaint in a way that permits the layperson's claim to be considered within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)). However, even self-represented complaints must allege facts which, if true, state a claim for relief as a matter of law. *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980). Federal courts are not required to assume facts that are not alleged, nor are they required to interpret procedural rules to excuse mistakes by those who proceed without counsel. *See McNeil v. United States*, 508 U.S. 106, 113 (1993).

## Background[1]

On September 27, 2023, the Court reviewed plaintiff's original complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). *See* ECF No. 10. The Court noted that plaintiff had not alleged sufficient facts to establish a plausible claim that defendant Nurse Roxy was deliberately indifferent to his serious medical need. The Court allowed plaintiff to file an amended complaint to allege more facts regarding plaintiff's interaction with Roxy.

Additionally, the Court specifically instructed plaintiff that he "must specify whether he intends to sue each defendant in an official capacity, an individual capacity, or both. The failure to

---

[1] Plaintiff is currently incarcerated at the Jefferson City Correctional Center (JCCC) in Jefferson City, Missouri. At the time of filing his amended complaint, however, he was confined at the Southeast Correctional Center (SECC) in Charleston, Missouri.

sue a defendant in his or her individual capacity may result in the dismissal of that defendant." *Id.* at 6.

### The Amended Complaint

Plaintiff files this amended civil rights complaint against defendant Nurse Roxy only in her official capacity.[2] In his amended complaint, he states that on June 7, 2023 he was bleeding from his fistula. He notified correctional officers Lacey and Hyden of the bleeding, and these officers called for a medical emergency. Plaintiff states medical staff did not respond to the call. Plaintiff waited for the next scheduled medication pass. During the medication pass, plaintiff showed defendant Nurse Roxy a piece of the bloody tissue he had been using to treat the bleeding. Plaintiff states that she did not provide any medical assistance.

For relief, plaintiff seeks $87 million in compensatory damages.

### Discussion

Plaintiff's claims against defendant Nurse Roxy fail because plaintiff has unambiguously sued her in her official capacity only and not in her individual capacity. In an official capacity claim against an individual, the claim is actually "against the governmental entity itself." *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017). Thus, a "suit against a public employee in his or her official capacity is merely a suit against the public employer." *Johnson v. Outboard Marine Corp.*, 172 F.3d 531, 535 (8th Cir. 1999). In order to prevail on an official capacity claim, the plaintiff must establish the governmental entity's liability for the alleged conduct. *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).

---

[2] Plaintiff lists Southeast Correctional Center (SECC) as defendant's address. Later in the amended complaint, however, he states that he was confined at the Western Missouri Correctional Center at the time of the events giving rise to his claim. The Court believes this was an error on plaintiff's part, and will assume for purposes of initial review that the events occurred at SECC where defendant Nurse Roxy was employed.

3

"[N]either a State nor its officials acting in their official capacity are 'persons' under § 1983." *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 71 (1989). *See also Calzone v. Hawley*, 866 F.3d 866, 872 (8th Cir. 2017) (stating that a "suit for damages against a state official in his official capacity is a suit against the State, and the State is not a person under § 1983").

Moreover, in the absence of a waiver, the Eleventh Amendment bars suit against a state official acting in his or her official capacity. *Morstad v. Dep't of Corr. & Rehab.*, 147 F.3d 741, 744 (8th Cir. 1998). However, state officials may be sued in their official capacities for prospective injunctive relief without violating the Eleventh Amendment. *Monroe v. Ark. State Univ.*, 495 F.3d 591, 594 (8th Cir. 2007).

Here, because defendant Nurse Roxy is an employee of the Missouri Department of Corrections, naming her in her official capacity is the equivalent of naming the State of Missouri. Plaintiff makes no allegations against the State of Missouri. Even if he had, however, Missouri is not a person under § 1983. Additionally, the Eleventh Amendment bars § 1983 damage claims against the State of Missouri. In its prior order, the Court cautioned plaintiff that failing to sue a defendant in his or her individual capacity may result in the dismissal of that defendant. *See* ECF No. 10 at 6. Because plaintiff cannot maintain a claim against Nurse Roxy in her official capacity, his complaint will be dismissed.

Assuming plaintiff were to have sued Nurse Roxy in her individual capacity, however, plaintiff's complaint is still subject to dismissal. Liberally construed, plaintiff brings a claim of deliberate indifference to a serious medical need in violation of the Eighth Amendment. To establish deliberate indifference, a plaintiff must prove that he suffered from an objectively serious medical need, and that prison officials actually know of and disregarded that need. *Roberts v. Kopel*, 917 F.3d 1039, 1042 (8th Cir. 2015). In other words, whether a prison official has been

"deliberately indifferent requires both an objective and a subjective analysis." *Hall v. Ramsey Cty.*, 801 F.3d 912, 920 (8th Cir. 2015).

With regard to the objective prong, a "serious medical need is one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the need for a doctor's attention." *Coleman v. Rahija*, 114 F.3d 778, 784 (8th Cir. 1997). As to the subjective prong, an inmate must demonstrate that a prison health care provider's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Redmond v. Kosinski*, 999 F.3d 1116, 1120 (8th Cir. 2021). In other words, "deliberate indifference requires a highly culpable state of mind approaching actual intent." *Kulkay v. Roy*, 847 F.3d 637, 643 (8th Cir. 2017).

On initial review of plaintiff's original complaint, the Court noted that assuming he had established a serious medical need and Roxy recognized this need, he had not alleged sufficient facts to establish a plausible claim that Roxy was deliberately indifferent to his serious medical need. Because a medical emergency had already been called for plaintiff, and Nurse Roxy was conducting her scheduled medication pass, the Court found it plausible that Nurse Roxy did not treat plaintiff because the medical staff had already been called. The Court asked plaintiff to provide more facts regarding his interaction with Roxy. *See* ECF No. 10.

Plaintiff's amended complaint is nearly identical to his original, but he has added that he "showed Nurse Roxy a piece of toilet tissue full of blood to prov[e] to her I was it [sic] bleeding." Plaintiff's additional allegation provides support for the fact that he had a serious medical need, which the Court had already assumed. It does not provide any further support to establish a plausible claim that Roxy was deliberately indifferent to his serious medical need.

5

Plaintiff has not alleged that his situation was acute or escalating. Nor does he allege he was in any pain. *See Sherrer v. Stephens*, 50 F.3d 496, 496-97 (8th Cir. 1994). Rather, he states that he has had his fistula since 2020 and is on the waiting list for surgery. Because Roxy could have reasonably relied on the medical team that had already been called to care for and treat plaintiff's fistula, plaintiff has not established a plausible claim that Nurse Roxy's actions were "so inappropriate as to evidence intentional maltreatment or a refusal to provide essential care." *Dulany v. Carnahan*, 132 F.3d 1234, 1240-41 (8th Cir. 1997).

Because plaintiff has sued Nurse Roxy in her official capacity only, his complaint will be dismissed. In addition, he has not established a plausible claim of deliberate indifference to a serious medical need. The Court will dismiss the complaint without prejudice pursuant to 28 U.S.C. §1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that this action is **DISMISSED** without prejudice for failure to state a claim upon which relief may be granted. 28 U.S.C. § 1915(e)(2)(B).

An Order of Dismissal will accompany this Memorandum and Order.

Dated this 4th day of March, 2024.

_____
STEPHEN N. LIMBAUGH, JR.
SENIOR UNITED STATES DISTRICT JUDGE